**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LEVI PAYNE** | **CASE NO. 3:25-CV-00906** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNION PACIFIC RAILROAD CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Use of Video Depositions [Doc. No. 39] filed by Plaintiff Levi Payne ("Payne"). Defendant Union Pacific Railroad Company ("Union Pacific") filed an opposition [Doc. No. 78]. Payne filed a reply [Doc. No. 83].

After carefully considering the parties' filings and applicable law, the Motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

## I. BACKGROUND

On June 25, 2025, Payne filed a complaint against Union Pacific under the Federal Employers Liability Act.[1] The suit resulted from alleged injuries Payne sustained on February 6, 2024.[2] The Motion before the Court includes Payne's attempt to use the previously taken video depositions of Michelle Hogg ("Hogg"), Dr. Sol Graves ("Dr. Graves"), and Matthew Gammel ("Gammel") at trial.[3]

The issues have been briefed, and the Court is prepared to rule.

[1] [Doc. No. 1].
[2] [Id.].
[3] [Doc. No. 39].

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 32 of the Federal Rules of Civil Procedure governs the use of depositions in Court proceedings. The provisions at issue are Rule 32(a)(3) and (a)(4). Rule 32 (a)(3) provides that an "adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." FED. R. CIV. P. 32. Rule 32(a)(4) provides five circumstances when a witness is unavailable such that "a party may use for any purpose the deposition of a witness, whether or not a party" at trial. *Id*. at 32(a)(4).

The Court addresses each video deposition in turn.

### B. Analysis

#### 1. Michelle Hogg

Hogg was formerly Manager of Train Operations at the Monroe, Louisiana, yard. Payne maintains Hogg has retired and now lives in Jefferson City, Missouri, and therefore, is unavailable, out of state, and more than one hundred miles away from the place of trial.[4]

In support of the Motion, Payne attached an excerpt from Hogg's deposition confirming that Hogg has retired.[5] Additionally, in its supplemental response to Interrogatory No. 8, Union Pacific identified Hogg's last known address as Jefferson City, Missouri.[6] The Court takes judicial notice that Jefferson City, Missouri, is more

---

[4] [Id. at p. 2].
[5] [Doc. No. 39-3].
[6] [Doc. No. 39-4].

than 100 miles from Monroe, Louisiana. Accordingly, Payne has established that Hogg is an unavailable witness under Federal Rule of Civil Procedure 32(a)(4)(B).

Accordingly, Payne's Motion is granted as to this issue, and Payne may use Hogg's deposition video at trial.

**2. Dr. Sol Graves**

Payne further seeks to introduce the video deposition of treating physician Dr. Graves at trial pursuant to Rule 32(a)(4)(E).[7] Under Rule 32(a)(4)(E), a court may find that a witness is unavailable when "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit that deposition to be used." FED. R. CIV. P. 32(a)(4)(E).

Payne attached Dr. Graves' affidavit detailing his schedule for the week of September 14–18, 2026, the previously scheduled trial date.[8] Because the trial has been continued and a new trial date has not yet been set, Payne's Motion is denied without prejudice as to this issue. Payne may renew the request by filing another motion before the rescheduled trial date, if warranted.

**3. Matthew Gammel**

Next, Payne requests to use the video trial deposition of Gammel under Rule

[7] [Doc. No. 39, p. 4].
[8] [Doc. No. 39-5].

32(a)(3).[9] Under Rule 32(a)(3), an adverse party may use, "for any purpose, the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." FED. R. CIV. P. 32(a)(3).

Gammel serves as Union Pacific's manager of track maintenance, and is responsible for overseeing and addressing track conditions, including "the ballast that's around the tracks" and "locations where employees walk," such as the area where Payne's accident occurred.[10] Gammel also testified as Union Pacific's Rule 30(b)(6) designee.[11] Accordingly, Gammel provided both a Rule 30(b)(6) deposition and an individual deposition. Payne seeks to introduce both depositions, while Union Pacific opposes their use.

### i. Gammel's Rule 30(b)(6) Deposition

Union Pacific opposes allowing Gammel's video deposition because it intends to call Gammel live at trial.[12] Rule 32(a)(3) contains no exception for a witness who is also expected to testify live at trial. Rather, the rule requires only that the witness was the adverse party's Rule 30(b)(6) designee. *See Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 308 (5th Cir. 1978). Accordingly, Payne's Motion as to Gammel's Rule 30(b)(6) deposition is granted.

### ii. Gammel's Individual Deposition

Gammel was also deposed in his individual capacity as Union Pacific's manager of track maintenance. Union Pacific opposes Payne's use of this video

---

9 [Doc. No. 39, pp. 1–2].
10 [Doc. No. 39-1, p. 8].
11 [Doc. No. 39-2].
12 [Doc. No. 78, p. 2].

deposition at trial, arguing that Gammel was not a Union Pacific officer, director, or managing agent within the meaning of Rule 32(a)(3).[13] There is no evidence before the Court that Gammel was Union Pacific's officer or director, so the issue is whether Gammel was Union Pacific's "managing agent."

A "managing agent," as distinguished from one who is merely "an employee," is a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act "in an inferior capacity" under close supervision or direction of "superior authority." *Stell v. Savannah-Chatham County Bd. of Ed.*, 255 F. Supp. 88, 93 (S.D. Ga. April 1, 1966).

Additionally, in determining whether a particular employee is a "managing agent" within the meaning of Rule 32, courts have looked to the following general factors:

> (1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities, and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than the deponent were in charge of the particular matter or possessed all of the necessary information.[14]

Under either test, Gammel qualifies as a "managing agent" of Union Pacific. He has served as Union Pacific's manager of track maintenance for the past three

---

[13] [Doc. No. 78, p. 3].

[14] *Howard v. Offshore Liftboats, LLC*, 2016 WL 232251, at *1 (E.D. La. Jan. 19, 2016). *See, e.g., Bianco v. Globus Medical, Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014) (citing 7 James Wm. Moore, *Moore's Federal Practice* § 32.21(2)(a) (2012); *Crimm v. Mo. Pac. R.R. Co.*, 750 F.2d 703, 708 (8th Cir. 1984); *Stearns v. Paccar, Inc.*, 986 F.2d 1429 (10th Cir. 1993); *Terry v. Modern Woodmen of Am.*, 57 F.R.D. 141, 143 (W.D. Mo. 1972); *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y. 1968); *Rubin v. Gen. Tire & Rubber Co.*, 18 F.R.D. 51, 55–56 (S.D.N.Y. 1955)).

years. In that role, Gammel oversees and repairs track conditions, including the ballast surrounding the tracks and areas where employees walk. He also directs a crew of foremen, machine operators, track inspectors, and welders and assigns work to the employees he supervises throughout his territory, which extends from Monroe to Alexandria, Louisiana.

Again, whether Union Pacific intends to call Gammel as a live witness at trial is irrelevant. Gammel is authorized by Union Pacific to exercise discretion in overseeing and arranging repairs to the track in the Monroe yard. He has worked for Union Pacific for three years and currently serves as its manager of track maintenance. Accordingly, Gammel qualifies as a "managing agent" of Union Pacific, and thus, Payne's Motion as to the use of Gammel's individual deposition is granted.

## III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Levi Payne's Motion for Use of Video Depositions [Doc. No. 39] is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART.**

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** as to the depositions of Hogg and Gammel (both individually and as Rule 30(b)(6) designee).

**IT IS FURTHER ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE** as to the deposition of Dr. Graves.

MONROE, LOUISIANA, this 7th day of October, 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE